**CITY OF AMES, IOWA, Petitioner,**

v.

**William K. REILLY, as Administrator, United States Environmental Protection Agency; Morris Kay, Regional Administrator, Region VII, United States Environmental Protection Agency, Respondents.**

**No. 92–1859.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1992.

Decided Feb. 22, 1993.

John R. Klaus of Ames, Iowa, argued, for petitioner.

David Sandalow, Washington, DC, argued (Vicki A. O'Meara, Linda Lance and David Sandalow, Washington, DC, and William H. Ward, Kansas City, MO, on the brief), for respondents.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The City of Ames, Iowa (the City) seeks judicial review of certain Environmental Protection Agency (EPA) action taken in the City's efforts to renew its wastewater treatment plant permit. We rule the EPA has not yet issued a final permit decision from which the City can appeal.

## I.

The Federal Water Pollution Control Act, as amended by the Clean Water Act, 33 U.S.C. §§ 1251–1376 (1988) (the Act), created the National Pollutant Discharge Elimination System (NPDES) through which pollutant dischargers are first required to obtain an NPDES permit before discharging pollutants into United States waters. 33 U.S.C. §§ 1311(a), 1342. These permits control the quantity, rate and concentration of effluents that may be discharged into waterways. 33 U.S.C. § 1362(11).

Under the Act, the EPA may authorize states to create and administer their own NPDES permit system, over which the EPA then maintains a watchful eye. See 33 U.S.C. § 1342(b). Under this system, the state proposes the issuance of a permit and the EPA has ninety days to review it and lodge objections. 33 U.S.C. § 1342(d)(2). If it does object, the EPA may be requested to conduct a hearing after which the EPA Regional Administrator is required to affirm, withdraw or modify the objections. 40 C.F.R. §§ 123.44(e)–(g) (1991). If the Regional Administrator affirms the objections, the state has thirty days to issue a modified permit that comports with the EPA's objections. 40 C.F.R. § 123.44(h)(2).

In the event the state fails to issue a modified permit, the EPA assumes NPDES permit authority. 40 C.F.R. § 123.44(h). If this occurs, the EPA begins its own permit process, issuing a final permit after considering public comment. See 40 C.F.R. §§ 121.1–2, 123.44(h)(2), 124.6, 124.10, 124.-15. Any interested party may request an evidentiary hearing concerning the EPA's final decision. 40 C.F.R. § 124.74(a). In such instances, the Regional Administrator determines whether a hearing should be held. 40 C.F.R. §§ 124.74(e), 124.75(a)(1). If the request is granted, an Administrative Law Judge (ALJ) conducts a hearing. 40 C.F.R. § 124.81.

At this point, if the ALJ denies review or simply affirms the EPA's initial decision, that decision is the final agency action. 40 C.F.R. § 124.91(f)(1). However, if the ALJ remands the matter, then there is no final agency action until the remanded proceed-

ings, including all appeals, are completed. 40 C.F.R. § 124.91(f)(3).[1] If no evidentiary hearing is requested, the EPA's initial permit decision constitutes the final agency action. *See* 40 C.F.R. § 124.15(b).

We now turn to the instant case. The EPA has authorized the State of Iowa (the State) to create and administer its own NPDES system. In 1986, the City began constructing its current wastewater treatment plant (the Plant). The Plant replaced an older facility and was completed in 1989.

Under EPA guidelines, the State issued the City an NPDES permit, which became effective on August 28, 1986 and expired on June 1, 1991. The State renewed the permit on January 5, 1990.

On May 22, 1990, the State issued the City a new NPDES permit, containing stricter effluent requirements on the amount of certain pollutants discharged into the South Skunk River.[2] The City appealed, arguing the stricter effluent requirements violated Iowa Code Ann. § 455B.173(3) (West 1979),[3] which proscribes raising effluent standards on new public treatment facilities for a period of ten to twelve years. The ALJ agreed with the City. The State then amended the permit, eliminating the stricter effluent pollution limits and returning the limits to those contained in the 1986 permit, and submitted it to the EPA.

The EPA objected to the amended permit, contending it violated 33 U.S.C. § 1311(b)(1)(C) by failing to comply with Iowa water quality standards governing allowable discharges of ammonia nitrogen.

On January 13, 1992, relying on the ALJ's ruling, the State informed the EPA

it would not further revise the permit. On March 23, 1992, the EPA further explained the nature of its objections to the permit, asserting Iowa Code Ann. § 455B.173(3) is inconsistent with 33 U.S.C. § 1311(b)(1)(C) of the Act. The EPA also indicated it intended to conduct a public hearing concerning the objections, which it did on May 27, 1992. At the hearing and in subsequent correspondence, the City addressed the federal-state law conflict, and challenged the effluent limits the EPA established for the South Skunk River. The EPA Regional Administrator has not yet entered a ruling following the public hearing.

Meanwhile, on April 21, 1992, the City filed this petition for review, arguing: (1) the EPA's veto of the NPDES permit is proscribed under the Act; (2) the EPA's objections to the State's issuance of the permit violate the tenth amendment because the terms of the permit were properly established under Iowa state law not otherwise preempted by federal law; and (3) the Regional Administrator abused his discretion by stating his objections to the permit.

In a separate motion to dismiss filed in this action, the EPA contends we lack jurisdiction over this matter because it has not yet issued a final permit decision from which the City may appeal. For the reasons discussed below, we agree.

## II.

Our jurisdiction to review the EPA's actions here derives from the Act, which provides, in relevant part: "Review of the Administrator's action ... in issuing or denying any permit under section 1342 of this

---

**1.** A permit which expires during the course of the final permit issuing process may be extended until the effective date of a new permit. 40 C.F.R. § 122.6.

**2.** The permit was set to expire on January 1, 1995.

**3.** Iowa Code § 455B.173(3) provides, in relevant part:

A publicly owned treatment works whose discharge meets the final effluent limitations

which were contained in its discharge permit on the date that construction of the publicly owned treatment works was approved by the department shall not be required to meet more stringent effluent limitations for a period of ten years from the date the construction was completed and accepted but not longer than twelve years from the date that construction was approved by the department.

title ... may be had by any interested person in the Circuit Court of Appeals of the United States...." 33 U.S.C. § 1369(b)(1)(F). Section 1342 referenced above relates to the issuance and denial of NPDES permits. 33 U.S.C. § 1342. Thus, read together, these sections provide any interested party the opportunity to seek judicial review of the EPA Administrator's action in issuing or denying an NPDES permit.

The crucial question here is whether the EPA Administrator has *issued or denied* an NPDES permit.

The State of Iowa is authorized to issue NPDES permits. After the ALJ's ruling, the State submitted a revised proposed permit, which the EPA received on September 25, 1991. The EPA had ninety days to object to the issuance of the permit, 33 U.S.C. § 1342(d)(2); 40 C.F.R. § 123.44, which it did in letters from the Regional Administrator to the Administrator of the Environmental Protection Division of the Iowa Department of Natural Resources in October and December of 1991.

On January 13, 1992, the State responded, indicating it did not intend to revise the City's permit. In a letter to the Director of the Iowa Department of Natural Resources on March 23, 1992, the EPA further detailed the nature of its objections to the permit. This correspondence is the last communication between the parties before April 21, 1992, when the City filed the instant petition.

EPA's action here, although indicating disapproval with the City's NPDES permit as drafted, does not constitute a decision by the Regional Administrator—let alone the EPA's Administrator, to whom the Re-gional Administrator's decision is appealable—to issue or deny an NPDES permit. *American Paper Inst., Inc. v. EPA,* 882 F.2d 287, 289 (7th Cir.1989); *Champion Int'l Corp. v. EPA,* 850 F.2d 182, 188 (4th Cir.1988).

Moreover, the City's petition is premature because it vitiates the administrative process mandated by the Act. *See* 40 C.F.R. § 124.60(g); *West v. Bergland,* 611 F.2d 710, 715 (8th Cir.1979), *cert. denied,* 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). The EPA's actions thus far constitute preliminary objections to the State's proposed permit. Various administrative opportunities still remain: the State could issue its own permit, the EPA could withdraw its objections, or the EPA could issue a final NPDES permit.

### III.

We are without our statutorily provided jurisdiction to review the EPA's actions here, 33 U.S.C. § 1369(b)(1)(F), and the City has otherwise failed to exhaust its administrative remedies. *West,* 611 F.2d at 715. Accordingly, we grant EPA's motion to dismiss for want of jurisdiction.

APPEAL DISMISSED.